**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rong Zhang,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UnitedHealthCare,<br><br>　　　　　　Defendant. | No. CV-20-02064-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendant Arizona Physicians IPA, Inc.'s ("Defendant") Motion to Dismiss. (Doc. 5.) For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Rong Zhang ("Plaintiff") is a Medicare Part C enrollee. He thus receives benefits from a Medicare Advantage Organization ("MAO"), rather than directly from the Government. Defendant is a MAO.

Plaintiff alleges that he received a root canal treatment in 2015. (Doc. 1-3 at 6.) "However, because of the incomplete and unsuccessful treatment, the infection symptoms reappeared on September 2019." *Id.* Plaintiff claims that his "retreatment got denied by UHI" and "was told that [his] plan did cover root canal but not retreatment." *Id.* Plaintiff alleges that "[d]ue to the bureaucracy, arrogance and wrongdoing of UnitedHealthCare, [he] ha[s] been suffering a lot both physically and mentally for almost one year, especially in this great pandemic situation." *Id.* As a result, Plaintiff seeks compensation for

retreatment expenses, court expenses, and physical and mental suffering from Defendant. *Id.*

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal courts "possess only that power authorized by Constitution and statute," and therefore "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. *See id.*

### II. Analysis

Claims "arising under" the Medicare Act ("the Act") are subject to judicial review only if a plaintiff first exhausts their administrative remedies. See 42 U.S.C. §§ 405(g)–(h); *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984); *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010) (finding that the district court lacked jurisdiction over the plaintiff's claims because § 405(h)'s administrative exhaustion requirements were not met). A claim arises under the Act in two circumstances: "(1) where the standing and the substantive basis for the presentation of the claims is the Medicare Act, and (2) where the claims are inextricably intertwined with a claim for Medicare benefits." *Uhm*, 620 F.3d at 1141 (internal citation and quotation omitted).

Courts consider claims "inextricably intertwined" with the Act when they are "[c]leverly concealed claims for benefits." *Kaiser v. Blue Cross of Cali.*, 347 F.3d 1107, 1112 (9th Cir. 2003) (quoting *United States v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F.3d 1098, 1109 (11th Cir. 1998)). This connection is based on the nature of the claim; courts have recognized that both federal and state law claims can be inextricably intertwined with the Act. *See Kaiser*, 347 F.3d at 1114 (citing *Bodimetric Health Servs.,*

*Inc. v. Aetna Life & Cas.*, 903 F.2d 480, 487 (7th Cir. 1990); *Dicrescenzo v. UnitedHealth Grp. Inc.*, No. CV 15-00021 DKW-RLP, 2015 WL 5472926, at *4 (D. Haw. Sept. 16, 2015). In *Heckler*, for example, "plaintiffs had formulated their claims under various sources of law other than the Medicare Act, including claims brought under the Constitution and under other statutes." *Uhm*, 620 F.3d at 1141. The Supreme Court considered the claims as "at bottom, a claim that [the plaintiffs] should be paid for their [ ] surgery." *Heckler*, 466 U.S. at 614. The Court reasoned that this was the case because, if the plaintiffs obtained a favorable ruling during an administrative appeal, "only essentially ministerial details [would] remain before [the plaintiffs] would receive reimbursement." *Id.* at 615.

Here, Plaintiff's claim is based on Defendant's denial of coverage for a retreatment dental procedure which, left unperformed because of Defendant's denial of coverage, caused him pain and suffering. (Doc. 1-3 at 6.) Because Plaintiff's claims relate to delay in the coordination and approval for benefits, they are inextricably intertwined with the Medicare benefits decision, and Plaintiff must first present them to the Secretary. Plaintiff cannot disentangle his claims merely by alleging damages beyond reimbursement for his retreatment procedure. *See Quinones v. UnitedHealth Grp. Inc.*, No. CIV. 14-00497 LEK, 2015 WL 3965961, at *4 (D. Haw. June 30, 2015). Plaintiff does not allege that he first presented his claims to the Secretary, arguing only in his Response that he called Defendant and "appealed to its Complaint and Appeals Department." (Doc. 15 at 1.) This unsupported allegation does not track the review and appeal requirements of the Act.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED.** Plaintiff's Complaint is Dismissed with leave to file an amended complaint **within 30 days** of the date of this Order.

Dated this 30th day of July, 2021.

_____
G. Murray Snow
Chief United States District Judge