WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rong Zhang, | No. CV-20-02064-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| UnitedHealthCare, | |
| Defendant. | |

Before the Court is Defendant Arizona Physicians IPA, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 31)[1]. For the reasons below, Defendant's motion is granted.

## BACKGROUND

Plaintiff Rong Zhang ("Plaintiff") is a Medicare Part C enrollee. He thus receives benefits from a Medicare Advantage Organization ("MAO"), rather than directly from the Government. Defendant is an MAO.

The dispute in this case is whether Defendant wrongfully denied Plaintiff coverage for certain dental treatments in September 2019. Plaintiff alleges that he received a root canal treatment in 2015, but "because of the incomplete and unsuccessful treatment, the infection symptoms reappeared on September 2019," which required retreatment. (Doc.

---

[1] Arizona Physicians IPA ("APIPA") maintains that Plaintiff improperly named "UnitedHealthcare" as the Defendant in this action. APIPA is an affiliate of UnitedHealthcare Insurance.

1-3 at 6.) Plaintiff claims that his "retreatment got denied by UHI" and he "was told that [his] plan did cover root canal but not retreatment." (*Id.*) In his amended complaint, Plaintiff alleges that since this litigation began, the tooth required extraction because it became "severely sick." (Doc. 29 at 1.) He seeks compensation for retreatment expenses, the subsequent extraction of the tooth, physical and emotional sufferings, court expenses and the treatment of the tooth in later stages. (*Id.*)

Plaintiff initially filed his claim in state court, and Defendant removed to this Court. After removal, Defendant moved to dismiss for failure to state a claim, but after receiving no response from Plaintiff, the Court dismissed for failure to prosecute. (Docs. 5, 9.) Plaintiff then filed a motion for reconsideration, which the Court granted. (Docs. 11, 14.) After briefing on the first motion to dismiss, the Court granted the motion for lack of subject matter jurisdiction because Plaintiff had not exhausted his administrative remedies, as required. (Doc. 24.) The Court granted Plaintiff leave to file an amended complaint within 30 days of the order demonstrating that he had exhausted administrative remedies. (*Id.*) Plaintiff filed an amended complaint 90 days later, alleging that he has exhausted administrative remedies or, in the alternative, that he cannot or should not have to exhaust administrative remedies. (Doc. 29.) Defendant then filed the instant motion to dismiss on the grounds that Plaintiff's amended complaint is untimely, and he has still not exhausted his remedies. (Doc. 31.)

**DISCUSSION**

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal courts "possess only that power authorized by Constitution and statute," and therefore "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In

effect, the court presumes a lack of jurisdiction until a plaintiff proves otherwise.

## II.     Analysis

Plaintiff's First Amended Complaint does not cure the flaws in his initial Complaint. The problem remains the same: Plaintiff has not exhausted administrative remedies, and therefore, the Court does not have subject matter jurisdiction.

Claims "arising under" the Medicare Act ("the Act") are subject to judicial review only if a plaintiff first exhausts his administrative remedies. 42 U.S.C. §§ 405(g)-(h); *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984); *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010) (finding that the district court lacked jurisdiction over the plaintiff's claims because § 405(h)'s administrative exhaustion requirements were not met). The exhaustion requirement applies whether an enrollee receives benefits under original Medicare or under the Medicare Advantage program. *Global Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 914 (9th Cir. 2022) ("[W]e think it evident that Congress intended to impose under the Medicare Advantage program the same administrative exhaustion requirement that applies to claims for benefits under original Medicare."). A claim can arise under the Act in two circumstances: "(1) where the standing and the substantive basis for the presentation of the claims is the Medicare Act, [or] (2) where the claims are inextricably intertwined with a claim for Medicare benefits." *Uhm*, 620 F.3d at 1141 (internal citation and quotation omitted).

In a reply to his amended complaint, Plaintiff first alleges that he has exhausted his administrative remedies. (Doc. 36.) Although Plaintiff lists various entities he has contacted regarding his claim, he does not include any final judgment associated with the claim. He indicates that he appealed to UnitedHealthcare Insurance, but his filings do not demonstrate that he has received any response to an appeal determining the merits of his claim. Even if he had received an initial determination from his MAO, that determination would be the first step of multiple appeals required for exhaustion. *See* 42 C.F.R. § 422.560 et seq. (Grievances, Organization Determinations and Appeals for the Medicare Advantage Program).

Alternatively, Plaintiff argues that his claim does not arise under the Act because Medicare does not cover dental benefits. (Doc. 29 at 2.) In doing so, he advances the argument that claims for supplemental benefits under a Medicare Advantage plan are not subject to the same exhaustion requirements as claims for benefits that Medicare must cover. To whatever extent this argument could have been raised at the time of briefing, the Ninth Circuit has squarely decided the matter since then. In *Global Rescue Jets*, the Court considered whether a claim to recover the cost of air ambulance services, a supplemental benefit offered by a Medicare Advantage program, must be administratively exhausted before a district court has jurisdiction to hear it. 30 F.4th at 918. The answer was yes.

The Court held that "supplemental benefits offered under a Medicare Advantage plan constitute benefits that are offered under Part C of the Medicare Act. That is true, in our view, because the authority to offer supplemental benefits as part of a Medicare Advantage plan is derived entirely from Part C of the Act." *Id.* It further explained, Plaintiff's "contention that claims for supplemental benefits do not 'arise under' the Medicare Act—and are therefore exempt from the administrative exhaustion requirement—is difficult to reconcile with the statute's text." *Id.*

The holding in *Global Rescue Jets* speaks directly to this case. Here, Plaintiff claims he was improperly denied a supplemental benefit under his Medicare Advantage Plan. Although he appears to argue that he should not be obligated to follow the required administrative appeal process because dental benefits are supplemental, it is clear that he must do so. "Congress made determinations regarding an enrollee's entitlement to basic *and* supplemental benefits subject to Part C's administrative review scheme." *Global Rescue Jets*, 30 F.4th at 918. Thus, prior to seeking a remedy in this Court, Plaintiff must follow the administrative review process, as outlined in the Medicare Act.

Lastly, Plaintiff has not alleged sufficient facts to illustrate that he should be exempt from the exhaustion requirement. The Ninth Circuit has held that "the exhaustion requirement may be excused if three conditions are satisfied: (1) the plaintiff's claim is wholly collateral to a claim for Medicare benefits; (2) the plaintiff has made a colorable

showing of irreparable harm; and (3) exhaustion would be futile." *Id.* at 919 (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1992)). Even if the Court liberally construes Plaintiff's complaint, at a minimum he fails to allege that he faces irreparable harm if he is denied relief prior to a showing of exhaustion. *Johnson*, 2 F.3d at 921. Thus, the exhaustion requirement cannot be excused.

Because Plaintiff must exhaust administrative remedies before this Court can have jurisdiction over a case arising under the Medicare Act, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 31) is **GRANTED**.[2]

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 8th day of December, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

---

[2] "Ordinarily, when a district court concludes that it lacks subject matter jurisdiction over an action removed to federal court, the appropriate remedy is to remand the case to state court." *Global Rescue Jets*, 30 F.4th at 920 n.6; 28 U.S.C. § 1447(c). Here, just as in *Global Rescue Jets*, the "narrow 'futility' exception to this general rule" applies, because "there is 'absolute certainty' that the state court would dismiss the action following remand." *Id.* (citing *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197-98 (9th Cir. 2016). Because "a state court would be compelled to dismiss this action following remand" because Plaintiff must exhaust his administrative remedies, this Court may dismiss the action. *Id.*